# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ROBERT W. BATES, | : | |
| Petitioner, | : | Case No. 3:07CV025 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| ERNIE MOORE, WARDEN | : | |
| | : | |
| Respondent. | | |

## REPORT AND RECOMMENDATIONS[1]

This habeas corpus case is brought *pro se* by Petitioner, Robert W. Bates seeking a writ of habeas corpus under 28 U.S.C. §2254. The case is before the Court upon Respondent's Motion to Dismiss the Petition as time-barred (Doc. # 4), Petitioner's Response (Doc. # 9), Respondent's Reply (Doc. # 10), and the record as a whole.

### I. PROCEDURAL HISTORY

#### A. State Conviction

The Montgomery County Grand Jury indicted Bates on three counts of aggravated robbery in violation of Ohio Revised Code § 2911.01(A)(1) with attached firearm specifications, two counts of breaking and entering in violation of Ohio Revised Code § 2911.13(A), and one count of kidnapping in violation of Ohio Revised Code § 2905.01(A)(2), with an attached firearm specification. (Doc. # 4, Exhibit A). Upon arraignment, Bates entered

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

pleas of not guilty.

Bates subsequently withdrew his former pleas of not guilty and entered a guilty plea to one count of aggravated robbery, one count of aggravated robbery with specification, and one count of attempted aggravated robbery. (Doc. # 4, Exhibits B and C). On May 19, 2004, Bates was sentenced to a prison term of seven years on each count. The sentences were ordered to run concurrently. Bates was also sentenced to three years actual incarceration on the firearm specification. The firearm specification was ordered to be served consecutive to and prior to the seven year prison term, for a total sentence of ten years. (Doc. # 4, Exhibit D). The termination entry states that "[t]he Court did fully explain to the defendant his appellate rights and the defendant informed the court that said rights were understood." (Doc. # 4, Exhibit D). The trial court specifically informed Bates as follows:

> And finally, I am going to inform you that you do have the right to appeal this sentence. To do so, you must file what is known as a notice of appeal within thirty days of the filing of the termination entry in this case. And, if you cannot afford an attorney to pursue such an appeal, an attorney will be appointed for you. (Electronic Recording of the May 19, 2004 Sentencing Hearing, 12:06:26 P.M. to 12:12:00 P.M.) [2]

Bates did not file a timely appeal in the Second District Court of Appeals for Montgomery County, Ohio.

### B. Delayed Direct Appeal

Bates did not take any action to challenge his conviction for more than one year and

---

[2] The plea and sentencing hearings have not been transcribed; however, Respondent manually filed a copy of the Montgomery County Court of Common Pleas' electronic recording of the proceedings. The undersigned has fully reviewed the electronic recording which confirms that the trial court advised Petitioner of his right to appeal and his right to the appointment of counsel if he were unable to afford one. At that time, Bates did not reques an appeal or the appointment of counsel.

seven months. Then, on January 6, 2006, Bates filed a notice of appeal and a motion for leave to file a delayed appeal. (Doc. # 4, Exhibits E and F). On February 17, 2006, the Court of Appeals denied Bates' motion for leave to file a delayed appeal. (Doc. # 4, Exhibit H, Case No. CA-21442). On March 27, 2006, Bates appealed to the Supreme Court of Ohio and raised the following propositions of law:

> When an indigent defendant is neither provided counsel to appeal, nor advised of his right to appeal, due process and equal protection are violated by denying leave to file a delayed appeal under Appellate Rule 5(A).
>
> The imposition of a term of incarceration that exceeds the "minimum" term set forth in O.R.C. § 2929.14(A) based upon judicial fact findings is violative of the Sixth and Fourteenth Amendments and constitutes a void sentence. (Doc. # 4, Exhibit I.)

On June 7, 2006, the Supreme Court of Ohio denied Bates' appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. # 4, Exhibit K, Case No. 06-618.) On August 28, 2006, Bates filed a petition for writ of certiorari in the Supreme Court of the United States. (Doc. # 4, Exhibit L.) The Supreme Court denied Bates' petition on October 30, 2006. (Doc. # 4, Exhibit M, Case No. 06-6064).

### C. Federal Habeas Corpus

More than two months later, on January 23, 2007, Bates filed his Petition for Writ of Habeas Corpus in this Court asserting the following grounds for relief:

> **Ground One**: Petitioner was deprived of due process and equal protection of the law by denial of access to available appellate remedies.
>
> **Supporting Facts**: The trial court failed to advise the petitioner of his right to timely appeal, failed to appoint counsel to timely appeal, and the court of appeals' denial of leave to appeal on these grounds denied due process and equal protection access to appeal, just as the trial court's failure to advise and/or provide counsel did.

>**Ground Two**: Petitioner was deprived the effective assistance of counsel and denied counsel altogether, violation of the 6th and 14th Amendments.
>
>**Supporting Facts**: Petitioner's trial counsel failed to timely file a notice of appeal, failed to advise petitioner of his right to appeal, or the need to do so within 30 days of the judgment and failed to consult with the petitioner on the subject of appeal at all. Further, the court of appeals denied appointment of counsel for a delayed appeal, despite the constitutional entitlement thereto.
>
>**Ground Three**: Petitioner was deprived of due process and jury rights by judicial fact finding of non-charged elements to enhance the sentence beyond the statutory maximum.
>
>**Supporting Facts**: Ohio law establishes that the maximum sentence available to petitioner is a concurrent term totaling three years, absent additional fact finding. Ohio law permits the fact finding to be done by the trial court, however this has been ruled unconstitutional. Petitioner's maximum sentence was more than tripled based upon judicial fact finding of facts not charged, depriving him of notice and opportunity to be heard, and of his right to have facts determined by a jury beyond a reasonable doubt.

(Doc. #1, Petition).

## II.    ANALYSIS

Respondent submits that Bates' petition is barred by the applicable statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") requires a state prisoner seeking to bring a habeas corpus action to file his or her Petition within one year from the conclusion of his or her state appeal. 28 U.S.C. §2244(d)(1). This one-year period begins to run from the latest of the following:

>(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing from such State action;
>
>(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

>made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

Because Bates did not file an appeal to the Second District Court of Appeals within thirty days, his conviction became final thirty days after the Court imposed sentence on June 20, 2004. The one-year statute of limitations began to run on June 21, 2004 and expired on June 21, 2005. The statute of limitations ran its course before Bates took any action to challenge his conviction and sentence. The filing of a Notice of Appeal and Motion for Leave to File a Delayed Appeal on January 6, 2006 did not toll the time or restart the applicable one year period. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Thus, Bates' petition, filed on January 23, 2007, is time-barred.

### A. Equitable Tolling

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001). Generally, a litigant seeking equitable tolling bears the burden of establishing: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (assuming but not deciding that equitable tolling applies to federal habeas actions); see also *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). In *Dunlap*, the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851

F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. "The petitioner bears the burden of demonstrating that he is entitled to equitable tolling." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). Bates has failed to sustain his burden of demonstrating that he is entitled to equitable tolling. In applying the *Dunlap* factors, Bates makes no argument that he lacked of notice of the filing requirement or lacked constructive knowledge of the filing requirement. He was not diligent in pursuing his rights as he waited more than one year and seven months before he filed his motion for leave to file a delayed appeal even though the trial court specifically advised him that he had a right to appeal.  Bates claims that his attorney told him he could not appeal because he pled guilty and thus remained ignorant of the legal requirement for filing his claim. Such a claim should be rejected in light of the trial court's specific advisements to the contrary.

      B.     **Statutory Tolling**

In his petition Bates claims entitlement to equitable tolling as follows: "State-created impediment interfered with ability to timely appeal, all proceedings beginning with initial delayed appeal request have been timely, equitable tolling requires relief." (Doc. # 1 at 14). Initially, Bates claimed that the trial court failed to advise him of the right to appeal. This assertion is clearly belied by the record. In his Memorandum in Opposition to Respondent's Motion to Dismiss, Bates asserts that his trial counsel told him that there was no appeal available

because he had plead guilty. (Doc. # 9 at 3). Thus, he argues that his counsel's ineffective assistance in failing to file a notice of appeal constitutes a State-created impediment justifying equitable tolling. This argument is without merit.

Respondent concedes that the ineffective assistance of counsel in failing to file a timely appeal after being requested to do so may constitute a state created impediment within the meaning of 2244(d)(1)(B). (Doc. # 4 at 11). However, there is nothing in the record to suggest that Bates requested an appeal.

Bates relies on the case of *DeCenzi v. Rose* , 452 F. 3d 465 (6th Cir. 2006) in support of his claim that he is entitled to equitable tolling. In *DeCenzi*, the petitioner was convicted and sentenced but the trial court failed to inform him of his right to appeal. The Sixth Circuit remanded for evidentiary hearing to determine when the petitioner first learned of his right to appeal and when a reasonably diligent person in the petitioner's position could reasonably be expected to learn of his appeal rights. *Id.* at 471. In this case, the record reveals that Bates was advised of his right to appeal on the same day he was sentenced. Thus, there is no need for an evidentiary hearing in order to determine when Bates became aware of that right.

Bates also cites *Waldron v. Jackson*, 348 F. Supp 2d 877 (N. Ohio 2004). In *Waldron*, the petitioner specifically requested appointment of counsel at sentencing and the trial court appointed an attorney to represent the petitioner on appeal. However, a notice of appeal was not filed. *Id.* at 880. The Court found that appellate counsel was constitutionally ineffective because counsel failed to perfect a timely appeal in direct contravention of the petitioner's wishes. The Court found: "Accordingly, the state-created impediment does not simply evaporate once Mr.

7

Waldron's counsel failed to file a timely appeal; rather, its effects reverbrate over time, forcing the filing of a delayed appeal and necessarily delaying the filing of his habeas petition. To find Mr. Waldron's petition untimely because he did not more quickly overcome the state-created impediment would necessarily punish him for a constitutional violation by the State." *Id.* at 885.

In the instant case the record clearly reflects that the trial court advised Bates of his right to appeal at the time of sentencing on May 19, 2004. Notwithstanding what Bates' claims his counsel told him, it is clear that he learned of his right to appeal when the trial court told him of that right in May of 2004. Bates waited until January of 2006 before he took any action despite the apparent conflict in what his trial lawyer is claimed to have told him and what the trial judge specifically told him.

Equitable tolling does not rescue Bates' habeas petition from its time problem because a review of the record reveals no indication that Bates lacked either actual or constructive knowledge of the AEDPA's limitation period, or that he has been diligent in pursuing his habeas claims. Because Bates filed his federal habeas petition well beyond the deadline and is not entitled to statutory or equitable tolling, his petition is barred by the AEDPA's statute of limitations.

The conclusion that Bates' habeas petition is barred by the applicable statute of limitations is not debatable among jurists of reason. Consequently, a certificate of appealability should not issue.

**IT IS THEREFORE RECOMMENDED THAT:**

1.  Respondent's Motion to Dismiss (Doc. #4) be GRANTED and Robert W. Bates' Petition for a Writ of Habeas Corpus (Doc. #1) be DENIED and DISMISSED as time barred;

2.  A certificate of appealability under 28 U.S.C. §2253(c) not issue; and

3.  The case be terminated on the docket of this Court.

                   s/ Sharon L. Ovington
                    Sharon L. Ovington
                  United States Magistrate Judge

November 15, 2007

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).